Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 17-1026

UNITED STATES OF AMERICA,

Appellee,

v.

ALVIN RAMÍREZ DE JESÚS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Boudin, and Lynch,
Circuit Judges.

Luis A. Guzmán-Dupont on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney,
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Thomas F. Klumper, Assistant United States
Attorney, Senior Appellate Counsel, on brief for appellee.

May 16, 2018

**BOUDIN**, **Circuit Judge**.  In 2010 Alvin Ramírez De Jesús ("Ramírez") was imprisoned after pleading guilty to participating in a drug trafficking conspiracy.  He was released in 2015 to begin a four-year term of supervised release.  In 2016, a probation officer complained to the district court that Ramírez had violated conditions of release by having or using cocaine.  Just a month later, Probation filed another motion, notifying the court that Ramírez had failed to report twice that he had been arrested or contacted by law enforcement officers.

After a hearing, the district court revoked Ramírez's supervised release but then left him at large with new warnings and new conditions.  Thereafter, the district court learned that Ramírez had now abandoned his required drug treatment program and also had been arrested for threatening his girlfriend.  After further proceedings the district court imposed a twelve-month term of imprisonment for the violation of supervisory release conditions, itself to be followed by a new three-year term of supervised release.

Ramírez has now completed his twelve-month sentence and, at the time of this appeal, is on supervised release for his new three-year term.  Far from suggesting that the appeal from the old term is moot, the government says that the original revocation of supervised release still adversely affects Ramírez.  See United States v. Molak, 276 F.3d 45, 48 (1st Cir. 2002).  Ramírez

continues to press his case against that revocation, saying in his brief that the revocation was unreasonable.

Although Ramírez's brief is thirty-nine pages long and contains numerous citations to case law, it is not organized in a conventional fashion. The primary argument in the brief is that the district court did not explain the reasons for the revocation and sentence. We have considered Ramírez's other arguments and have found them meritless under any standard of review.

Clearly the reasons for the revocation and sentence are the serious violations charged and found by the district judge in the revocation proceeding; Ramírez concedes that he committed the violations and deserves both revocation and some time in prison, suggesting that six months would be fair. But he says that the district court did not offer any precise explanation for why it chose the twelve-month term in prison and a new supervised release term rather than some lesser punishment.

The district judge did explain the choice of the twelve-month term and new supervisory release term. At the sentencing, a lawyer from the federal defender's office represented Ramírez and made no attempt to deny the violations or even to minimize them. Instead, consistent with his earlier sentencing memorandum, counsel argued that Ramírez was the caregiver for his father who had documented serious medical conditions and that a six-month sentence followed by six months of supervised release would be

- 3 -

sufficient punishment, taking account of Ramírez's plea agreement in the domestic violence case.

Ramírez's counsel adverted briefly to text messages between Ramírez and his estranged companion, saying that Ramírez was now subject to a stay away order. The government, replying, said that the transcript showed Ramírez threatening to kill someone that the girlfriend may or may not have been dating and then threatening to kill her too, saying "I am a gangster." Invited by the district court, Ramírez himself then offered an apology to his ex-partner and asked for treatment.

In turn the district court showed just how it derived the twelve-month sentence it was now imposing. The domestic violence offense, said the judge, was punishable by a term of a year and messages from Ramírez included threats to kill. Based on Ramírez's criminal history, computed as category IV, and given that his domestic violence offense was a grade C violation, the guideline range for his supervised release violation was six to twelve months in prison. 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). Ramírez, the judge noted, had met prior efforts to help him reform by abandoning the program in which he was enrolled and had ignored the district court's own stern warning when it nominally revoked supervised release but left Ramírez free and imposed no penalty.

The several missed opportunities to reform and the death threats were aggravating circumstances. And the sentence was within, albeit at the top of, the narrow range prescribed. To claim on appeal that the twelve-month term of imprisonment and three-year term of supervised release were not "explained" is far from accurate and the sentence has been amply justified by the district court.

**Affirmed**.